against the city, for or on account of these assessments. *Bouton* v. *Brooklyn,* 15 Barb. 387; *Blake* v. *Brooklyn,* 26 Barb. 301; *Heywood* v. *Buffalo,* 14 N. Y. 541; *Pennsylvania Coal Co.* v. *Delaware, etc., Co.,* 31 N. Y. 99.

But, if this were otherwise, it would not justify the granting of an injunction when that proceeding is, as we have seen, forbidden by the statute. The petitioner urges that the granting of a temporary injunction is a matter resting in the discretion of the court, and that, the court having at special term exercised that discretion, this court should not interfere. But this rule does not apply when it appears, as in this case, that an injunction is prohibited by statute, and that no final injunction can, in any event, be granted in the proceeding. *Strasser* v. *Moonelis,* 108 N. Y. 611, 15 N. E. Rep. 730. But, if an injunction could in a proper case issue to restrain the collection of a tax of this character, we think that the allegation in the petition is insufficient to raise any legal presumption against the validity of this tax, to justify the granting of an injunction in this case, when the work has been done and accepted without objection on the part of the petitioners, especially when all of the material facts are put in issue by the answering affidavits on the part of the defendant.

We are also of the opinion that the contractor whose interests were to be affected by these proceedings was a necessary and proper party to the record. He could look only to this assessment, and the collection of this tax, for his compensation, and when it was proposed to cut off his source of supply he had a right to be in court to defend his interest. The order should be reversed, and the temporary injunction vacated, with costs.

---

### *In re* ALEXANDER *et al.*
### *In re* MYRTLE AVE.

(*Supreme Court, General Term, Third Department.* September 14, 1892.)

Appeal from special term, Albany county.

Petitions of William Alexander, Edward J. Duggan, and others to vacate assessments for the opening, etc., of Myrtle avenue and other streets in the city of Albany. From an order granting an injunction *pendente lite* the city and the contractor appeal. Reversed.

Argued before MAYHAM, P. J., and PUTNAM, J.

*John A. Delehanty,* Corp. Counsel, for the city, appellant. *Rosendale & Hessberg,* (*Albert Hessberg,* of counsel,) for the contractor, appellant. *John T. McDonough,* (*Henry E. Stern* and *Alden Chester,* of counsel,) for petitioners, respondents.

PER CURIAM. This is an appeal from an order restraining and enjoining the chamberlain of the city of Albany from selling the lands of the petitioners for the purpose of collecting an assessment for alleged street improvements in said city. The proceedings are in all essential particulars like the proceedings in the matter of the *Petition of Bridgford,* 20 N. Y. Supp. 281, (decided at this term,) and we see no reason for an extended discussion of the same, but think it must be disposed of upon the opinion written in that case.

Order reversed, with costs to the defendant.